**Ex parte Eddie Lee BRITTON.**

No. 37027.

Court of Criminal Appeals of Texas.

Oct. 7, 1964.

Charles W. Tessmer, Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is an appeal from an order entered in a habeas corpus proceeding by the Judge of the Criminal District Court No. 3, of Dallas, Dallas County, Texas.

The only issue presented to this court for review is whether or not the trial court committed reversible error in denying appellant's application for continuance based on the absence of two witnesses, Governor John B. Connally and Secretary of State Crawford Martin.

In his application for continuance appellant states, in part, "your defendant has good reason to believe and does believe that the signature affixed to the Governor's warrant is not the signature of Governor Connally, but is a facsimile stamped signature and that the same was not affixed thereto by Governor Connally nor in his presence but was the act of another person," and further "that Governor Connally did not in fact sign the Governor's warrant on December 10th, and was physically unable to do so and we can further expect to prove that the signature on the Governor's warrant is a rubber-stamp facsimile that was placed on the Governor's warrant without the knowledge of the Governor of Texas * * *."

In advancing his contention before this court, appellant points out that the warrant in question was purportedly signed by Governor Connally just 19 days subsequent to his near assassination on November 22, 1963.

While we take judicial knowledge of the tragic events occurring on November 22, 1963, we are constrained to conclude that the trial judge did not abuse his discretion in denying appellant's application.

The requisition from the Governor of the demanding state is dated October 28, 1963, which indicates to us that Governor Connally would have had ample time prior to November 22, 1963, to carefully examine the requisition papers and authorize his warrant to be issued.

Further, there is nothing in this record which would lead us to conclude that the Governor did not actually place the signature on the warrant.

The method used in his affixing said signature, will not affect its validity.

Thus there appears to be no probability of truth in appellant's application for a continuance as required by Art. 543, Vernon's Ann.C.C.P., and therefore denial of said application was not an abuse of discretion.

The executive warrant of the Governor, regular on its face, makes out a prima facie case authorizing extradition. Ex Parte Lindsey, 345 S.W.2d 532; Ex Parte Brito, 172 Tex.Cr.R. 409, 358 S.W.2d 122.

The order remanding appellant to custody for extradition is affirmed.