**Ex parte Brenda Carol SCARBROUGH.**

No. 63309.

Court of Criminal Appeals of Texas, Panel No. 3.

July 16, 1980.

Rehearing Denied Sept. 17, 1980.

Paul Banner and Cornel Walker, Greenville, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order entered in a habeas corpus proceeding remanding petitioner for extradition to the State of Mississippi.

On October 4, 1979 a fugitive complaint was filed in the 196th District Court of Hunt County, alleging that petitioner "is a fugitive from justice from the State of Mississippi." Said complaint further alleged that petitioner had committed the offense of kidnapping in violation of the laws of Mississippi.

On October 26, 1979 petitioner's court–appointed counsel filed an application for writ of habeas corpus in the trial court. In the application petitioner denied the allegations in the extradition papers and asserted that the Governor's Warrant issued in Texas was invalid for the reason that it was not in fact "the official act of the Governor of Texas." See Art. 51.13, Sec. 7, V.A.C.C.P.

The trial court conducted a hearing on the application for writ of habeas corpus. Prior to this hearing petitioner applied for a subpoena to issue to the Honorable William P. Clements, Jr., Governor of Texas, in order to procure his testimony at the hearing. A motion to quash this subpoena was filed on behalf of Governor Clements by the Attorney General of Texas. Said motion recited in pertinent part that:

"Movant's [Governor Clements'] official act of issuing the Executive Warrant of Extradition in this Cause was based on the presentation of documents which are now before this Court, and movant's testimony could in no way alter the contents of such documents."

The motion was sworn to and subscribed before a Notary Public. The signature of the movant reads: "W. P. Clements, Jr."

Governor Clements was not present at the hearing.

At the hearing on the motion to quash the subpoena petitioner's counsel testified in support of the contention that the warrant was not the official act of Governor Clements. He related that he had 17 years of law practice experience during which he had occasion to compare "a number of documents." However, he had no formal training as a documents examiner. He further testified that in his lay opinion the signature that purported to be the Governor's on the Governor's Warrant differs from that in the affidavit on the motion to quash the subpoena in that the shaping of various letters and the pen strokes are different. Defense counsel stated that he knew of no way for an "expert" to determine the genuineness of several signatures "unless there are known genuine samples to compare it against." He said that he had no genuine samples of Governor Clements' signature. When asked why he desired to have Governor Clements testify he said, "To determine whether or not the signature on the original of the executive warrant is by him stated to be his signature or if that of a third person, who and under what circumstances."

The court granted the motion to quash the subpoena for the following reasons:

1. the signature of the Governor is a ministerial act;

2. as a matter of judicial notice nobody writes his signature the same way twice;

3. the executive warrant appears regular on its face and makes out a prima facie case authorizing extradition;

4. there is no preponderance of evidence that the signature is not that of the Governor;

5. Paragraph III of Governor Clements' affidavit in the motion to quash the subpoena recites that the issuance of the executive warrant was the official act of the Governor.

A hearing was then held on the merits of petitioner's extradition, at which time the extradition papers were introduced into evidence over petitioner's objection.

Petitioner raises two grounds of error on appeal. In the first ground she maintains that the court erred in denying habeas corpus relief "after the issue of relator's identity had been properly placed before the court, but such identity was never proven by the State." In her second ground of error she contends that the court erred in quashing the subpoena of the Governor, "a material witness," thus denying appellant "her constitutional right of confrontation, and to call witnesses, and thereby basing its decision upon inadmissible hearsay evidence." We will address petitioner's grounds of error in reverse order.

With respect to petitioner's second ground of error, the case of *Ex Parte Britton*, 382 S.W.2d 264 (Tex.Cr.App.) is dispositive. There the defendant contended that the trial court erred by denying his motion for continuance in a habeas corpus proceeding based on the absence of two witnesses, Governor John B. Connally and Secretary of State Crawford Martin. He maintained that the Governor did not sign the Governor's Warrant and that a rubber stamp facsimile was used. This Court held that the Governor's Warrant which was regular on its face, made out a prima facie case authorizing extradition. In so holding we pointed out that there was evidence that Governor Connally had ample time prior to his near assassination to authorize the warrant to issue. Furthermore, we pointed out that there was nothing in the record which would have indicated that the Governor did not actually place the signature on the warrant. We said, "The method used in his affixing said signature, will not affect its validity."

With regard to the instant case the record shows that by affidavit Sheila Wilkes, Scheduling Director for Governor Clements, affirms that the Governor was in this State for at least a portion of each day from September 22, 1979 until October 1, 1979. The Governor's Warrant bears the date of September 28, 1979. Thus, the warrant was signed at a time when the Governor was in Texas.

Furthermore, the evidence before the trial court was not sufficient to raise the issue that the warrant was not signed by the Governor. The motion to quash the subpoena recites *"Movant's* [Governor Clements'] *official act* of issuing the Executive Warrant of Extradition in this cause was based upon the presentation of documents which are now before this Court, and movant's testimony could in no way alter the contents of such documents." The motion bears the affidavit of the Governor which was sworn and subscribed to before a Notary Public. This sworn statement that the Governor's Warrant constitutes the official act of Governor Clements is sufficient to show that either the signature on the warrant was placed thereon by the Governor or by another with his authorization.[1] A Governor's Warrant regular on its face creates a prima facie case authorizing extradition. *Ex Parte Britton*, supra. The only evidence that the Governor's signature was not genuine was the opinion of defense counsel that the signature on the warrant is different than that on the affidavit of the motion to quash.

In view of the fact that the Governor had opportunity to sign the warrant and because the evidence fails to raise the issue that he did not, we hold that the trial court did not err in quashing the subpoena. *Ex Parte Britton*, supra.

Petitioner's right to confrontation was not violated. The habeas corpus proceeding did not constitute a trial on the merits. The extradition papers bearing the Governor's signature were not introduced as evidence on the guilt or innocence of petitioner. Art. 51.13, Sec. 20, V.A.C.C.P. specifically precludes inquiry into guilt or innocence by the Governor or in any proceeding held after demand for extradition.

Petitioner's right to compulsory process was not denied. A defendant's

---

1. The fact that the Governor may have authorized another to place his signature on the warrant would not affect the validity thereof.

The method used in affixing the signature of the Governor on extradition papers will not affect its validity. *Ex Parte Britton*, supra.

right to compulsory process is denied when the State arbitrarily denies him the right to put on the stand a "witness who was physically and mentally capable of testifying to events he had personally observed, and whose testimony would have been *relevant* and *material.*" *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *Hardin v. State*, 471 S.W.2d 60 (Tex.Cr.App.). This Court has held that where a defendant is seeking compulsory process on the basis of a continuance for a missing witness, a bench warrant for a witness or an attachment, the "trial court is within its rights to demand sufficient appearance of the materiality of the witness' testimony." *Hardin v. State*, supra at 62.

In the instant case appellant made no showing as to what the witness would have testified to. Rather he gave evidence to the effect that in his opinion the signature of the Governor was not uniform between the Governor's Warrant and the affidavit on the motion to quash.

In *Varela v. State*, 561 S.W.2d 186 (Tex. Cr.App.) we held that the defendant failed to show what a missing witness would have testified to where the defendant testified that the witness "might say" something to defendant's benefit. And in *Hardin*, supra, defense counsel took the stand and testified that though he believed missing witnesses could support the defendant's alibi, he did not know what they would say. There we *found that there was not a sufficient showing of materiality.*

■ Absent a showing that Governor Clements' testimony would be different than the contents of his affidavit on the motion to quash, we find that appellant failed to demonstrate that the Governor was a material witness. Appellant's right to compulsory process was therefore not violated. *Varela v. State*, supra; *Hardin v. State*, supra.

■ We reject petitioner's contention that the Governor's Warrant constitutes inadmissible hearsay for the reason that we see no place in the record (nor does petitioner direct us to such a place) where petitioner objected to introduction of the Governor's Warrant on the ground that such evidence constituted hearsay. Rather, petitioner continuously objected on the ground that the question of the genuineness of the signature of the Governor was raised and that such evidence should not be admitted *until petitioner could question the Governor.* To preserve error, objection at trial must comport with the contention on appeal. *Mares v. State*, 571 S.W.2d 303 (Tex. Cr.App.). Appellant's contention does not comport with his objection at trial.

In her remaining ground of error petitioner contends that the trial court erred in failing to grant habeas corpus relief where petitioner had placed her identity in issue and that the State failed to prove same.

■ The introduction into evidence of a Governor's Warrant creates a prima facie case authorizing extradition and when such is introduced it is incumbent upon petitioner to show he was not the person charged in the demanding state. *Ex Parte Harvey*, 459 S.W.2d 853 (Tex.Cr.App.). In order to challenge "identity" the accused must raise the issue of his identity as the fugitive named in the Governor's Warrant. *Ex Parte Wheeler*, 528 S.W.2d 299 (Tex.Cr. App.).

■ Petitioner maintains that the following portion of her application for writ of habeas corpus sufficiently places her identity in issue:

". . . That the extradition and her detention is unlawful because, she is not the person named in such warrant, if the 'Mississippi fugitive sought' committed the criminal acts in Mississippi as alleged in documents attached to the Governor's Warrant. That she is not a fugitive from Mississippi by reason of non–presence. That she did not commit any act in another state which would be, or would cause to be, a crime in Mississippi. . . ."

Petitioner unambiguously states that she is not the person named in the Governor's Warrant *if* the fugitive sought committed the acts in Mississippi as alleged in the documents. Said statement constitutes an

assertion of innocence of the crime charged. Nowhere did petitioner claim that she was not the Brenda Carol Thompson Scarbrough named in the Governor's Warrant. We note further that petitioner called no witnesses at the extradition hearing. Petitioner's allegations in her application for writ of habeas corpus are insufficient to raise the issue of identity. *Ex Parte Wheeler*, supra; *Ex Parte Harvey*, supra. Failure to raise "identity" in the trial court precludes review on appeal. *Ex Parte Bunch*, 519 S.W.2d 653 (Tex.Cr.App.). No error is shown.

Petitioner's reliance on *Letwick v. State*, 145 Tex.Cr.R. 416, 168 S.W.2d 866 is misplaced. There the defendant alleged "he is not the person alleged to be a fugitive from the State of Colorado." This statement clearly asserts that the defendant is not the same person as is named in the extradition papers.

The judgment of the trial court remanding petitioner for extradition to Mississippi is affirmed.