### Ex parte Joseph B. SHEFFIELD, Applicant.

### No. 05–87–00596–CR.

Court of Appeals of Texas, Dallas.

Oct. 5, 1987.

Discretionary Review Refused Dec. 9, 1987.

Lawrence B. Mitchell, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before ENOCH C.J., and LAGARDE and THOMAS, JJ.

ENOCH, Chief Justice.

Joseph B. Sheffield appeals from an order denying his application for a writ of habeas corpus to avoid extradition to Kansas where he is charged with "computer crime." In a single point of error, applicant contends that the trial court committed reversible error by refusing to admit into evidence applicant's affidavit which was intended to raise the issue of his identity as the fugitive named in the Governor's warrant. Because this affidavit failed to place applicant's identity at issue, we affirm.

During applicant's extradition hearing, the State introduced the Governor's warrant and supporting documents into evidence. Applicant did not testify or present any evidence other than his own affidavit, which was offered for the purpose of raising the issue of identity. The trial court sustained the prosecutor's hearsay objection complaining that admission of this affidavit would prevent him from cross-examining applicant. Although the extradition papers included a photograph and affidavit identifying applicant as the man wanted in Kansas, applicant urges that the trial court erred by refusing to consider applicant's sworn denial.

■ Evidence of a Governor's warrant, regular on its face, is sufficient to establish a *prima facie* case authorizing extradition of the person named.[1] *Ex parte Johnson*, 651 S.W.2d 439, 440 (Tex. App.—Dallas 1983, no pet.). After admission of the warrant, the burden then shifts to the extradition contestant to overcome the *prima facie* case. *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex.Crim.App.1979). The State has no further burden to prove the identity of the accused as the fugitive named in the warrant unless that issue is raised. *Ex parte Wheeler*, 528 S.W.2d 229, 229 (Tex.Crim.App.1975).

■ The demanding state is not prohibited from using hearsay evidence to identify the fugitive named in the Governor's warrant. *Ex parte Martinez*, 530 S.W.2d 578, 580–82 (Tex.Crim.App.1975). Although this rule has not been specifically applied to an affidavit from the accused, the introduction of a document containing his sworn denial of identity has been held sufficient to raise the issue. *See Ex parte Meador*, 597 S.W.2d 372, 373 (Tex.Crim. App.1980); *Ex parte Spencer*, 567 S.W.2d 520, 521–22 (Tex.Crim.App.1978). *Meador* and *Spencer* were both decided at a time when inadmissible hearsay, even if not objected to, completely lacked any probative value. *See Chambers v. State*, 711 S.W.2d 240, 245–47 (Tex.Crim.App.1986). Consequently, affidavits could not have successfully raised identity issues in those cases had the rule against hearsay been applicable. Further, the issue of identity can be raised by the mere *filing* of an appropriate affidavit. *Ex parte Nelson*, 594 S.W.2d at 68.

■ We hold that an extradition contestant's affidavit denying that he is the individual named in the Governor's warrant is admissible, even over a timely objection that it constitutes hearsay or prevents cross-examination of the accused. Applicant was entitled to introduce an affidavit raising the issue of identity, and the prose-cutor's hearsay objection should have been overruled.

■ In addressing the question of whether the exclusion of applicant's affidavit caused any harm, however, we must examine the nature of that document's allegations. The affidavit reads as follows:

### AFFADAVIT [sic] IN ANY FACT

I, Joseph B. Sheffield of Plano, Texas, being of sound mind and lawful age, hereby swear that I did not at any time commit a crime in the State of Kansas, was never incarcerated in Kansas and never met any law enforcemtn [sic] or prosecutorial personnel in Kansas. I therefore deny that I am the same Joseph Sheffield who the State of Kansas seeks to extradite in Cause No. 86–CR–1963.

/s/_____
Joseph B. Sheffield

The critical portion of this affidavit asserts that applicant did not commit a crime in Kansas; "therefore" he denies being the person sought by that state for extradition. Applicant's statement that he has never met with authorities or been incarcerated in Kansas is irrelevant.

In *Ex parte Scarbrough*, 604 S.W.2d 170, 174–75 (Tex.Crim.App.1980), the Court of Criminal Appeals examined the accused's writ application stating that she was not the person named in the Governor's warrant *if* the fugitive sought committed the acts alleged in the extradition papers. That language was held insufficient to raise the issue of identity because it constituted merely an assertion of innocence, which is a matter for determination by the courts of the demanding state.

We hold that applicant's affidavit similarly failed to raise the issue of his identity as the fugitive named in the Governor's warrant. Nowhere did the affidavit unequivocally deny that applicant was the person sought for extradition. Instead, the identi-

---

1. Applicant's name is written as Joseph *R.* Sheffield on the Governor's warrant, but as Joseph *B.* Sheffield on applicant's affidavit and writ application. Any mistake concerning the middle name on the Governor's warrant, however, is immaterial. *Ex parte Burns*, 507 S.W.2d 777, 778 (Tex.Crim.App.1974).

ty denial was entirely predicated upon applicant's claim of innocence to the offense underlying the extradition demand, an issue not presented at an extradition proceeding. The affidavit thus failed to properly raise an identity issue, and applicant suffered no harm when the trial court sustained the State's hearsay objection.

AFFIRMED.

THOMAS, J., files a dissenting opinion.

THOMAS, Justice, dissenting.

I agree that the State's hearsay objection should have been overruled. Applicant was entitled to introduce his affidavit to place identity at issue. I cannot, however, accept the conclusion of the majority that the trial court's refusal to consider applicant's affidavit was harmless error. To the contrary, the exclusion of applicant's specific denial of identity prevented him from overcoming the *prima facie* case for extradition.

After several factual allegations, the last sentence of applicant's affidavit says, "I *therefore* deny that I am the same Joseph Sheffield who the State of Kansas seeks to extradite in Cause No. 86–CR–1963" (emphasis added). The majority holds that the word "therefore" in this sentence renders the whole affidavit void because applicant's sworn denial is conditioned upon his statement that he has not committed any crime in Kansas.

An extradition contestant's sworn denial of identity need only say that he is not the same person sought by the demanding state for the offense alleged in the extradition documents; no further explanation is necessary. *Cf. Ex parte Meador*, 597 S.W.2d 372, 373 (Tex.Crim.App.1980); *Ex parte Spencer*, 567 S.W.2d 520, 521–22 (Tex.Crim.App.1978). Thus, the reasoning behind applicant's denial of identity is irrelevant. The fact that he volunteered some of his reasons for controverting identity should not be used to vitiate the obvious purpose of his affidavit—to raise the issue of identity.

Accordingly, I would hold that applicant's sworn denial was sufficient to raise the issue of identity. If admitted, the affidavit would have shifted to the demanding state the burden of producing evidence establishing that applicant is the same individual named in the Governor's warrant. *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim.App.1979). Since an identification affidavit and a photograph were included among the papers accompanying the extradition demand, the trial court would have had to resolve a factual dispute concerning applicant's identity if his affidavit, which the judge specifically refused to consider, had been admitted. *See Ex parte Jackson*, 575 S.W.2d 570, 571 (Tex.Crim.App.1979).

The wrongful exclusion of applicant's affidavit prevented him from raising the issue of identity, an error that cannot be considered harmless. The decision of the trial court should be reversed and the cause remanded for additional proceedings.