Montalvo 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-194-CR





EX PARTE: ADAN MONTALVO,



 APPELLANT




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0940254, HONORABLE BOB PERKINS, JUDGE PRESIDING



 




 Appellant Adan Montalvo appeals the district court's order denying his application
for habeas corpus relief from extradition to California, where he faces prosecution for several
drug-related felonies. By two points of error, appellant challenges the sufficiency of the evidence
identifying him as the person sought by the California authorities. We will affirm the district
court's denial of the application.



THE CONTROVERSY


 On November 19, 1993, the police department in Bakersfield, California executed
a search warrant for a house in Lamont, California owned by an "Adan Montalvo." In
Montalvo's house, the police seized a substantial quantity of methamphetamine as well as a recipe
for making the drug. The police arrested Montalvo's wife, son, and nephew, all of whom were
in the house at the time of the search. Mrs. Montalvo informed the police that her husband was
on a business trip in Texas. On November 23, 1993, the Bakersfield Municipal Court charged
Montalvo with three narcotics-related felonies and issued a warrant for his arrest.

 On December 15, 1993, appellant was arrested in Travis County on a fugitive
warrant and detained by the Travis County Sheriff's Department. Appellant refused to sign a
waiver of extradition. The Travis County Sheriff took appellant's fingerprints and mailed a
certified copy to the Bakersfield Police Department. On January 4, 1994, William Vines, an
investigator with the District Attorney's Office for Kern County, California, took the appellant's
fingerprints to a laboratory technician at the Kern County Sheriff's Department. The technician
determined that appellant's fingerprints matched those of the Adan Montalvo sought by the
California authorities. Mr. Vines executed a probable cause affidavit identifying appellant as the
Adan Montalvo sought by the Bakersfield authorities. On the basis of that affidavit and the
Bakersfield Police Department's offense report, California Governor Pete Wilson sent a formal
requisition to Governor Ann Richards demanding that appellant be extradited to California. 
Governor Richards issued an extradition warrant on January 24, 1994.

 On January 27, 1994, appellant filed his habeas corpus application, on which the
district court held a hearing on April 1, 1994. The State introduced the Governor's warrant and
supporting documents in evidence and also called an expert witness who verified that the
appellant's fingerprints matched those previously sent to California. Appellant introduced an
affidavit that reads, in relevant part:



The Governor's Warrant indicates that I was in the State of California at the time
the offense occurred, whereas in fact I was in the State of Texas when the offense
is alleged to have happened. . . . Therefore, based upon the fact that I was not in
the state of California . . . I believe that I am not one and the same ADAN
MONTALVO.



The district court denied appellant's application and this appeal followed.



DISCUSSION


 In his first point of error, appellant challenges the sufficiency of the evidence to
prove that he is the person named in the Texas Governor's warrant for extradition. Appellant
argues that the only evidence linking him with the person sought in the warrant, the California
laboratory technician's report of a positive fingerprint comparison, is unsworn and unauthenticated
hearsay. The State responds that appellant failed to properly raise the issue of identity at the
hearing or, alternatively, that the evidence sufficiently identifies appellant as the Adan Montalvo
described in the warrant. We reject appellant's challenge because he failed to properly raise the
issue of identity at the extradition hearing.

 The introduction in evidence of a Governor's warrant, regular on its face, makes
out a prima facie case authorizing extradition of the named individual. Ex parte Scarbrough, 604
S.W.2d 170, 174 (Tex. Crim. App. 1980). The introduction of the warrant places the burden on
the habeas corpus applicant to raise the issue of identity and demonstrate that he is not the person
sought by the demanding state. Id. The applicant may raise the issue of identity by introducing
an affidavit denying that he is the individual named in the warrant. Ex parte Nelson, 594 S.W.2d
67, 68 (Tex. Crim. App. 1980); see Ex parte Henson, 639 S.W.2d 700, 700 (Tex. Crim. App.
1982). Once the applicant has placed his identity in issue, the State has the burden to introduce
sufficient evidence showing that the applicant is the individual named in the Governor's warrant. 
Nelson, 594 S.W.2d at 68.

 At the habeas corpus hearing, appellant failed to place his identity in issue. The
State made out its prima facie case by introducing the Governor's warrant, regular on its face. 
See Scarbrough, 604 S.W.2d at 174. Appellant responded by introducing his own affidavit,
which he urges on appeal sufficed to place his identity in issue. We disagree. Appellant's
affidavit stated that appellant "believed" he was not the same Adan Montalvo because he was not
in California at the time of the offense. Appellant's claim is a defense to the crime, not a denial
of identity, and will not operate to defeat extradition. Ex parte Sutton, 455 S.W.2d 274, 277
(Tex. Crim. App. 1970); Ex parte Shoels, 643 S.W.2d 761, 763 n.1 (Tex. App.--San Antonio
1982, no pet.). An affidavit that alleges the applicant's innocence but fails to unequivocally deny
identity does not place identity in issue. Scarbrough, 604 S.W.2d at 174-75.

 Appellant concedes that Ex parte Sheffield, 738 S.W.2d 75 (Tex. App.--Dallas 1987,
pet. ref'd), is directly in point for this appeal, but he argues that Sheffield was wrongly decided. 
In Sheffield, the habeas corpus applicant introduced an affidavit that provided: "I . . . hereby
swear that I did not at any time commit a crime in the State of Kansas . . . . I therefore deny that
I am the same Joseph Sheffield who the state of Kansas seeks to extradite . . . ." Id. at 77. The
Dallas court held that this language was insufficient to raise the issue of identity because it
presented a claim of innocence and not an unequivocal denial of identity. Id. at 77-78. 
Appellant's affidavit makes a claim of innocence analogous to the one in Sheffield. The gist of
appellant's affidavit is that he was not in California at the time of the drug arrests in question, and
therefore he cannot be the same Adan Montalvo accused of the drug offenses alleged. We agree
with the reasoning of the Sheffield court and reject appellant's argument that Sheffield was
incorrectly decided. Therefore, we hold that appellant failed to raise the issue of identity at his
habeas corpus hearing.

 Even if appellant had raised the issue of identity, we would find the State's
evidence sufficient to prove that appellant is the individual named in the Governor's warrant. As
a preliminary matter, we note that appellant's counsel at the habeas corpus hearing virtually
admitted that appellant was the same individual. Before addressing the extradition issue,
appellant's counsel urged the district court to reconsider the amount of appellant's bail bond. In
arguing for a lower bond amount, appellant's counsel stressed the lenient punishment accorded
to the California defendants: 



[Appellant's] wife has been released and she's receiving I think three years
probation, Your Honor, with no deal at all to testify against her husband. His son
has been released from jail now after the prosecution on a three-year probation. .
. . [T]he state in fact is not being candid . . . about the strength of the case against
any of the [California] defendants, much less Adan Montalvo who's before Your
Honor this morning."


The Adan Montalvo sought by the California authorities is the husband and father of the two
California defendants mentioned; in the statement above, appellant's counsel admitted that
appellant is the husband and father of those same defendants.

 Even if defense counsel's statement does not constitute an admission of identity,
we find that the Governor's warrant, along with its supporting documents, provides sufficient
evidence that appellant is the individual sought in the warrant. The proof lies in the affidavit of
William Vines, the California investigator who swore that he received the certified copy of
appellant's fingerprints, took them to be compared with file fingerprints of Adan Montalvo, and
found a positive match. Incorporated into the affidavit is the laboratory report of the technician
who actually made the fingerprint identification. The positive fingerprint match provides
sufficient proof of appellant's identity.

 Appellant objects to the fingerprint report as unsworn and unauthenticated hearsay. 
In fact, the report is an attachment to the affidavit of William Vines, a sworn statement that
incorporates the report by reference. Further, the requisition signed by California Governor Pete
Wilson states that all supporting documents are authentic, which suffices to authenticate both the
affidavit and the fingerprint report. See Ex parte Reagan, 549 S.W.2d 204, 205 (Tex. Crim.
App. 1977). Appellant's hearsay objection is without merit. The rules of evidence do not apply
to applications for habeas corpus in extradition proceedings. Tex. R. Crim. Evid. 1101(c)(3)(A). 
The State may introduce hearsay to prove that the applicant is the individual named in the warrant. 
Ex parte Martinez, 530 S.W.2d 578, 581-82 (Tex. Crim. App. 1975). We overrule appellant's
first point of error.

 In his second point of error, appellant complains that the admission of the
California fingerprint report violated his constitutional right to due process. Because we have held
that appellant failed to properly raise the issue of his identity, we need not address appellant's
constitutional challenge to the State's evidence.

 The district court's denial of the application for habeas corpus is affirmed.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: December 7, 1994

Do Not Publish