NO. 07-01-0410-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 16, 2002



______________________________




JUAN HENRIQUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 248TH DISTRICT COURT OF HARRIS COUNTY;



NO. 858958; HONORABLE WOODY DEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Presenting four issues for our review, Juan Henriquez challenges his conviction for
sexual assault of a child and the jury-assessed punishment of 18 years confinement in the
Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment
of the trial court.

 His first two issues require us to determine whether he was denied effective
assistance of counsel as guaranteed by the federal and Texas constitutions. His third and
fourth issues assert he was denied his right to compulsory process in violation of the sixth
amendment to the federal constitution and Article I, Section 10 of the Texas Constitution.

 Appellant argues his first two issues together. We likewise consider them jointly. 
His first issue alleges he was deprived of the reasonably effective assistance of counsel
to which he was entitled under the sixth amendment to the federal constitution. His second
issue alleges deprivation of the same right established by Article I, Section 10 of the Texas
Constitution.

 The standard by which we are to review claims of ineffectiveness of trial counsel 
is that set out in the seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in Hernandez
v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was
ineffective, a claimant must establish two elements: 1) his counsel's performance was
deficient, and 2) the deficient performance prejudiced the defense. Strickland, 466 U.S.
at 687. 

 The first component is met by showing that trial counsel made errors so significant
that he was not functioning as the counsel guaranteed by the sixth amendment to the
United States Constitution. Id. The second component necessitates a showing that
counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial
whose result is reliable. Id. A claimant must show a reasonable probability that, but for
counsel's errors, the result of the proceeding would have been different. Id. at 694. A
reasonable probability is one sufficient to undermine confidence in the outcome. Id. 
When reviewing a claim of ineffective assistance, we indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). The defendant must
overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Id. The defendant asserting ineffective assistance must
present a record with evidence of the reasons that the alleged ineffective assistance
actions or omissions were not trial strategy. The defendant must prove that counsel's
errors, judged by the totality of the representation, not by isolated instances of error or by
only a portion of trial, denied him a fair trial. Strickland, 466 U.S. at 695. 

 The errors on which appellant's claim is based are trial counsel's failure to present
his motion for new trial to the court within ten days of filing as provided in Texas Rule of
Appellate Procedure 21.6 and the failure to attach an affidavit to the motion raising new
facts. We initially note that an affidavit supporting a motion for new trial is only necessary
when the challenge to the verdict is based on matters outside the record. Harmon v. State,
889 S.W.2d 521, 524 (Tex.App.--Houston [14th Dist.] 1994, pet. ref'd). 

 Like the case before us, Brink v. State, No. 14-00-1439-CR (Tex.App.--Houston [14th
Dist.] Dec. 6, 2001, no pet. h.), also involved a claim of ineffective assistance for failure
to provide an affidavit or obtain a hearing to support a motion for new trial alleging
involuntariness of a plea. The court found the allegation of error not determinable from the
record without a supporting affidavit. That failure, and the failure to obtain a hearing, was
deficient performance by counsel. Id. 

 We first consider trial counsel's failure to attach an affidavit to the motion. 
Appellant's motion for new trial alleged three grounds in support. First, the court erred in
resting and closing the defense case over his objection; second, he was denied the
opportunity to present testimony from a counselor who had evaluated defendant; and third, 
he was denied the opportunity to present rebuttal testimony from a police officer. All the
evidence relevant to the first and third grounds is contained in the record. They arose
when the trial court declined a defense request for a recess to secure the attendance of
two officers who had testified but were excused subject to recall. After the jury retired,
appellant presented the officers' testimony in a bill of exceptions. The purpose of the
testimony was to show inconsistencies between the complainant's testimony and her
statement to the police. No external evidence was necessary to evaluate these two
grounds of a new trial. 

 We initially note appellant has failed to cite to the record showing the trial court
denied him the opportunity to present the counselor's testimony. Tex. R. App. P. 38.1(h). 
He has also failed to provide any indication of what testimony the counselor would have
given. However, we have located the relevant portion of the record and reviewed it. At
trial, appellant sought to introduce the testimony of Marcia Hubbard, a licensed counselor. 
The substance of her testimony would have been that appellant did not have any of a
series of characteristics of people likely to sexually abuse children.

 Both counsel and the trial court examined Hubbard out of the presence of the jury. 
The court's questions focused on the standards set out in Daubert v. Merrel Dow
Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and
adopted by our Court of Criminal Appeals in Kelly v. State, 824 S.W.2d 568 (Tex.Crim.
App. 1992). They included the degree to which the theory was accepted by the relevant
scientific community, the validity of the technique applying the theory, and whether the
technique was properly applied. 

 Hubbard was not able to articulate a specific scientific community which adopted
the theory on which her opinion was based and conceded the resulting conclusions were
subjective and not subject to empirical verification. The trial court found the testimony
inadmissible. The voir dire of Hubbard and discussion between counsel and the court
consume 49 pages of the reporter's record. Appellant has failed to explain what additional
evidence would have been necessary to be presented by affidavit to support the motion
for new trial. We find the failure to support the motion with an affidavit was not deficient
performance by counsel. 

 We next consider whether trial counsel's failure to present the motion to the trial
court was deficient performance. As discussed in more detail below, the evidence
appellant sought to introduce of inconsistencies in the complainant's statements did not
clearly undermine her credibility. Even assuming arguendo that the failure to present the
motion for new trial was deficient performance, the grounds asserted in the motion and the
record cannot support a finding of a reasonable probability that, but for trial counsel's
deficient performance, the outcome would have been different. Having failed to meet the
second prong of the test set out in Strickland, appellant has failed to show he was deprived
of reasonably effective assistance of counsel. We overrule his first two issues.

 Appellant's third and fourth issues allege the denial of his right of compulsory
process under the Texas and federal constitutions. The sixth amendment right to
compulsory process "is in plain terms the right to present a defense, the right to present
the defendant's version of the facts as well as the prosecution's to the jury so it may decide
where the truth lies." Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18
L.Ed.2d 1019 (1967). To exercise the federal constitutional compulsory process right, the
defendant must make a plausible showing to the trial court, by sworn evidence or agreed
facts, that the witness' testimony would be both material and favorable to the defense. Ex
parte Scarbrough, 604 S.W.2d 170, 173-74 (Tex.Crim.App. 1980). 

 The factual basis of this claim was discussed briefly above. Officers Tony Lewis
and James Smejkal investigated the offense and testified during the State's case-in-chief. 
They testified after the initial testimony of the complainant. At the conclusion of defense
cross-examination of each officer, defense counsel passed the witness with the comment
that the officer needed to "stay around." The court instructed the officer to "be available
if needed." On conclusion of direct examination of Officer Smejkal, defense counsel stated
it had no questions, but would like to reserve cross-examination. The trial court again
instructed the witness that he was excused "subject to recall." 

 When the defense sought to recall the officers for the purpose of showing
inconsistencies in the complainant's testimony, the officers were not available and the trial
court declined appellant's request for a recess to secure their attendance, stating it was
a party's responsibility to ensure the presence of witnesses and that the testimony he
sought to introduce was collateral to the issues in the case. After the jury was charged and
retired to deliberate, the officers arrived. Appellant presented their testimony in a bill of
exceptions. 

 Officer Lewis interviewed the complainant. According to his testimony, based on
his written report, the victim stated appellant gave her cocaine in the kitchen. Trial counsel
asserts this was in conflict with the complainant's testimony that he gave her cocaine in
the bedroom. Officer Smejkal did not interview the complainant.

 The testimony presented in the bill of exceptions falls short of meeting appellant's
burden to show that the testimony he was prevented from presenting was material and
favorable to the defense. See Coleman v. State, 966 S.W.2d 525, 528 (Tex.Crim.App.
1998). We overrule appellant's third and fourth issues. 

 Finding no reversible error in the judgment of the trial court, we affirm.

 John T. Boyd

 Chief Justice

Do not publish.