NO. 07-01-0410-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2002

_____

JUAN HENRIQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 248TH DISTRICT COURT OF HARRIS COUNTY;

NO. 858958; HONORABLE WOODY DEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Presenting four issues for our review, Juan Henriquez challenges his conviction for sexual assault of a child and the jury-assessed punishment of 18 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We affirm the judgment of the trial court.

His first two issues require us to determine whether he was denied effective assistance of counsel as guaranteed by the federal and Texas constitutions. His third and fourth issues assert he was denied his right to compulsory process in violation of the sixth amendment to the federal constitution and Article I, Section 10 of the Texas Constitution.

Appellant argues his first two issues together. We likewise consider them jointly. His first issue alleges he was deprived of the reasonably effective assistance of counsel to which he was entitled under the sixth amendment to the federal constitution. His second issue alleges deprivation of the same right established by Article I, Section 10 of the Texas Constitution.

The standard by which we are to review claims of ineffectiveness of trial counsel is that set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must establish two elements: 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the sixth amendment to the United States Constitution. *Id.* The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial

2

whose result is reliable. *Id.* A claimant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* When reviewing a claim of ineffective assistance, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* The defendant asserting ineffective assistance must present a record with evidence of the reasons that the alleged ineffective assistance actions or omissions were not trial strategy. The defendant must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by only a portion of trial, denied him a fair trial. *Strickland,* 466 U.S. at 695.

The errors on which appellant's claim is based are trial counsel's failure to present his motion for new trial to the court within ten days of filing as provided in Texas Rule of Appellate Procedure 21.6 and the failure to attach an affidavit to the motion raising new facts. We initially note that an affidavit supporting a motion for new trial is only necessary when the challenge to the verdict is based on matters outside the record. *Harmon v. State*, 889 S.W.2d 521, 524 (Tex.App.--Houston [14th Dist.] 1994, pet. ref'd).

Like the case before us, *Brink v. State*, No. 14-00-1439-CR (Tex.App.--Houston [14th Dist.] Dec. 6, 2001, no pet. h.), also involved a claim of ineffective assistance for failure

to provide an affidavit or obtain a hearing to support a motion for new trial alleging involuntariness of a plea. The court found the allegation of error not determinable from the record without a supporting affidavit. That failure, and the failure to obtain a hearing, was deficient performance by counsel. *Id.*

We first consider trial counsel's failure to attach an affidavit to the motion. Appellant's motion for new trial alleged three grounds in support. First, the court erred in resting and closing the defense case over his objection; second, he was denied the opportunity to present testimony from a counselor who had evaluated defendant; and third, he was denied the opportunity to present rebuttal testimony from a police officer. All the evidence relevant to the first and third grounds is contained in the record. They arose when the trial court declined a defense request for a recess to secure the attendance of two officers who had testified but were excused subject to recall. After the jury retired, appellant presented the officers' testimony in a bill of exceptions. The purpose of the testimony was to show inconsistencies between the complainant's testimony and her statement to the police. No external evidence was necessary to evaluate these two grounds of a new trial.

We initially note appellant has failed to cite to the record showing the trial court denied him the opportunity to present the counselor's testimony. Tex. R. App. P. 38.1(h). He has also failed to provide any indication of what testimony the counselor would have given. However, we have located the relevant portion of the record and reviewed it. At

4

trial, appellant sought to introduce the testimony of Marcia Hubbard, a licensed counselor. The substance of her testimony would have been that appellant did not have any of a series of characteristics of people likely to sexually abuse children.

Both counsel and the trial court examined Hubbard out of the presence of the jury. The court's questions focused on the standards set out in *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and adopted by our Court of Criminal Appeals in *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim. App. 1992). They included the degree to which the theory was accepted by the relevant scientific community, the validity of the technique applying the theory, and whether the technique was properly applied.

Hubbard was not able to articulate a specific scientific community which adopted the theory on which her opinion was based and conceded the resulting conclusions were subjective and not subject to empirical verification. The trial court found the testimony inadmissible. The voir dire of Hubbard and discussion between counsel and the court consume 49 pages of the reporter's record. Appellant has failed to explain what additional evidence would have been necessary to be presented by affidavit to support the motion for new trial. We find the failure to support the motion with an affidavit was not deficient performance by counsel.

We next consider whether trial counsel's failure to present the motion to the trial court was deficient performance. As discussed in more detail below, the evidence

5

appellant sought to introduce of inconsistencies in the complainant's statements did not clearly undermine her credibility. Even assuming arguendo that the failure to present the motion for new trial was deficient performance, the grounds asserted in the motion and the record cannot support a finding of a reasonable probability that, but for trial counsel's deficient performance, the outcome would have been different. Having failed to meet the second prong of the test set out in *Strickland*, appellant has failed to show he was deprived of reasonably effective assistance of counsel. We overrule his first two issues.

Appellant's third and fourth issues allege the denial of his right of compulsory process under the Texas and federal constitutions. The sixth amendment right to compulsory process "is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). To exercise the federal constitutional compulsory process right, the defendant must make a plausible showing to the trial court, by sworn evidence or agreed facts, that the witness' testimony would be both material and favorable to the defense. *Ex parte Scarbrough*, 604 S.W.2d 170, 173-74 (Tex.Crim.App. 1980).

The factual basis of this claim was discussed briefly above. Officers Tony Lewis and James Smejkal investigated the offense and testified during the State's case-in-chief. They testified after the initial testimony of the complainant. At the conclusion of defense cross-examination of each officer, defense counsel passed the witness with the comment

6

that the officer needed to "stay around." The court instructed the officer to "be available if needed." On conclusion of direct examination of Officer Smejkal, defense counsel stated it had no questions, but would like to reserve cross-examination. The trial court again instructed the witness that he was excused "subject to recall."

When the defense sought to recall the officers for the purpose of showing inconsistencies in the complainant's testimony, the officers were not available and the trial court declined appellant's request for a recess to secure their attendance, stating it was a party's responsibility to ensure the presence of witnesses and that the testimony he sought to introduce was collateral to the issues in the case. After the jury was charged and retired to deliberate, the officers arrived. Appellant presented their testimony in a bill of exceptions.

Officer Lewis interviewed the complainant. According to his testimony, based on his written report, the victim stated appellant gave her cocaine in the kitchen. Trial counsel asserts this was in conflict with the complainant's testimony that he gave her cocaine in the bedroom. Officer Smejkal did not interview the complainant.

The testimony presented in the bill of exceptions falls short of meeting appellant's burden to show that the testimony he was prevented from presenting was material and favorable to the defense. *See Coleman v. State*, 966 S.W.2d 525, 528 (Tex.Crim.App. 1998). We overrule appellant's third and fourth issues.

7

Finding no reversible error in the judgment of the trial court, we affirm.


John T. Boyd
Chief Justice

Do not publish.