**Ex parte Ira JACKSON a k a Darrell Williams.**

No. 60349.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 17, 1979.

### OPINION

DOUGLAS, Judge.

This is an appeal from an order of the trial court, entered in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of Louisiana.

At the hearing in the trial court, the warrant of the Honorable Dolph Briscoe, Governor of Texas, was admitted into evidence without objection. This warrant appears regular on its face and made a prima facie case authorizing extradition. Appellant contends, however, that the prima facie case was rebutted by appellant's testimony that he was not the same person named in

the Governor's warrant and that he was not in the State of Louisiana on the date of the commission of the alleged offense.

The supporting papers from the State of Louisiana allege that Ira Jackson a/k/a Darrell Williams, date of birth, "2–5–41," did commit the offense of theft in East Baton Rouge Parish in that, on August 29, 1978, he stole a 1976 two-door maroon Buick with a 1978 Louisiana license number 132X521.

Appellant testified that his date of birth was not February 5, 1941, but, February 2, 1941. He further testified that he was not in Louisiana on August 29, 1978, and "no one knows me by that name [Darrell Williams] and that is not me." However, Officer Cox of the Dallas Police Department testified that, on September 5, 1978, at approximately 7:53 p. m., he arrested appellant in Dallas while driving a "1976 maroon-colored Buick" which had Louisiana license plate number 132X521. He further testified that at the time of the arrest, appellant had no driver's license or other form of identification, but identified himself to the officer as Darrell Williams. Moreover, appellant had admitted on direct examination that his name was Ira Jackson.

Since the trial judge was the trier of the facts and the credibility of the witnesses, he was warranted in disbelieving appellant's testimony that he was not the same person named in the Governor's warrant in view of the fact that appellant was found in possession of the allegedly stolen vehicle within eleven days after the alleged theft. The case of *Ex parte Larson,* 494 S.W.2d 179 (Tex.Cr.App.1973), which is cited by appellant, is distinguishable, because there Larson's testimony that he was not the person named in the Governor's warrant was not rebutted in any way. Here, however, appellant's recent possession of the allegedly stolen automobile was sufficient to overcome appellant's testimony. Whether appellant is actually guilty of the offense of theft as charged in the Louisiana supporting papers or whether appellant had a reasonable explanation for his possession of the automobile are questions for the courts of Louisiana to decide. Moreover, appellant's testimony, standing alone, that he was not in the demanding state on the date of the alleged offense is insufficient to overcome the prima facie case established by the admission into evidence of the Governor's warrant. *Ex parte Larson,* supra, and cases there cited.

The judgment is affirmed.