Betty Jean **JORDAN** aka Betty Jean Arnold, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 83 00256 CR.

Court of Appeals of Texas, Beaumont.

Feb. 15, 1984.

John E. Ackerman, Houston, Dennis Powell, Orange, for appellant.

William C. Wright, County Atty., Orange, for appellee.

## OPINION

DIES, Chief Justice.

Appellant filed an application for a writ of habeas corpus challenging her extradition from Texas to North Carolina. After a hearing, the application was denied by the District Court, from which appellant brings this appeal.

Appellant's ground of error number one states: "The North Carolina indictment fails to substantially charge Appellant with an extradictable offense."

 At the habeas corpus hearing, the State introduced the warrant of the Governor of Texas. This was sufficient to make out a prima facie case authorizing extradition. *Ex parte Burns*, 507 S.W.2d 777 (Tex.Cr.App.1974), and authorities cited therein. In *Ex parte Rosenthal*, 515 S.W.2d 114 (Tex.Cr.App.1974), the demanding state's requisition papers showed appellant was charged by information with a felony, something not possible, unless waived, in Texas. The Court varied somewhat from earlier decisions which inflexibly held that unless shown to the contrary, the law of the demanding state was presumed to be the law of Texas.[1]

The Court pointed out in *Rosenthal* (at 118) that care should be taken to distinguish between extradition and prosecution, and the instruments which form the basis of each. And, that "[i]t is not required that the judicial proceedings have advanced to a stage sufficient to permit immediate prosecution." (at 119) That, unless the accusation is clearly void, the question of its validity is for the demanding state. (Id.) And, in *Ex parte Williams*, 622 S.W.2d 482, 483 (Tex.App.—Beaumont 1981, disc. rev. ref'd), this Court wrote: "The sufficiency of the indictment, information, or affidavit as a criminal pleading is not at issue in the asylum state." This ground of error is overruled.

Ground of error number two states: "The State did not meet the burden of proof necessary to establish that Appellant is the identical person named in the indictment and extradition documents."

The Governor's Warrant named Betty Jean Jordan a/k/a Betty Jean Arnold. At the habeas corpus hearing she testified her name for the last eight years has been Betty Jean Ezell. As above stated, the Governor's Warrant created a prima facie case authorizing extradition. See also, *Ex parte Scarbrough*, 604 S.W.2d 170 (Tex.Cr. App.1980). At the hearing, appellant never unequivocally stated she was not the same person named in the warrant. Instead, she told of her marriage to Ezell, and that she knew of no reason why North Carolina wanted her. The trial judge was the trier of the facts and was authorized, under these circumstances and facts, to believe that appellant and the person named in the Governor's Warrant were one and the same. *Ex parte Jackson*, 575 S.W.2d 570, 571 (Tex.Cr.App.1979). This ground of error is overruled.

The order of the trial court is affirmed.

Affirmed.

---

1. See *Ex parte Ivy*, 419 S.W.2d 862 (Tex.Cr.App. 1967), and authorities cited therein.