Owen Calvin HANKS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–01259–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 10, 2003.

Garland D. McInnis, Jr., Houston, TX, for Appellant.

Julie Klibert, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice SHERRY RADACK and Justices ALCALA and HIGLEY.

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, Owen Calvin Hanks, Jr., filed an application for writ of habeas corpus, seeking to avoid extradition to Michigan to stand trial on conspiracy to deliver cocaine charges. After a hearing, the trial court denied habeas corpus relief. Appellant then filed this appeal. We affirm.

In two related points of error, appellant contends the trial court erred in denying him habeas corpus relief because the State did not prove that he was, in fact, the person named in the Governor's Warrant.

■ When a court in the asylum state reviews the legality of an arrest under a Governor's Warrant, the court may consider only the following four questions. (1) Are the extradition documents valid on their face? (2) Did the demanding state charge petitioner with a crime? (3) Is the petitioner the person named in the request for extradition? (4) Is the petitioner a fugitive? *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). In this case, appellant challenges the third of the four questions, *i.e.,* whether he was the person named in the Governor's Warrant.

■ A Governor's Warrant that is regular on its face establishes a prima facie case for extradition. *See Ex parte Scarbrough,* 604 S.W.2d 170, 174 (Tex. Crim.App.1980). Once a prima facie case for extradition has been shown by the introduction of the Governor's Warrant, regular on its face, the burden shifts to the accused to show that the warrant was not legally issued, that it was not based on property authority, or that its recitals are inaccurate. *Ex parte Nelson,* 594 S.W.2d 67, 68 (Tex.Crim.App.1979). An accused can show he is not the person charged in the demanding state by challenging the identity of the person named in the warrant. *See Ex parte Scarbrough,* 604 S.W.2d at 174. Once identity is placed in issue, the burden shifts back to the demanding state to show that the person being held for extradition is the identical person named in the warrant. *Ex parte Martinez,* 530 S.W.2d 578, 579 (Tex.Crim. App.1975).

■ The State argues that appellant never placed his identity at issue. We agree. To raise the issue of identity, the accused must deny under oath that he is the person named in the warrant. *See Ex parte Connelly,* 479 S.W.2d 943, 944 (Tex. Crim.App.1972). In this case, appellant did not deny under oath that he was the person named in the warrant. Instead, he swore in an affidavit that he "was not in Jackson, Michigan at the time that the crime, if any, was committed." This, however, is not sufficient to raise an issue as to identity. *See Ex parte Johnson,* 651 S.W.2d 439, 440 (Tex.App.-Dallas 1983, no pet.) ("The appellant's testimony that he was not in the demanding state on the date of the alleged offenses is not sufficient to overcome the prima facie case established by the Governor's Warrant that he was in fact the same individual sought by the [demanding state] . . .").

Because appellant never raised an issue as to whether he was the person named in the Governor's Warrant, the burden never shifted to the State to show that he was. Accordingly, the trial court did not err in denying habeas corpus relief on this ground.

We overrule points of error one and two.

We affirm the judgment.