**Ex parte David HEARING.**

**No. 06–03–00210–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 6, 2004.

Decided Jan. 7, 2004.

David J. Ingram, Attorney At Law, Longview, for appellant.

Ray Bowman, Asst. Dist. Atty., Longview, for State.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

David Hearing wants to stay in Texas rather than return to Tennessee to face two murder charges. Law enforcement officials in Gregg County, Texas, recently apprehended Hearing and took him before the County Court at Law No. 2 for proceedings on Hearing's application for writ of habeas corpus in which he contested his extradition to Tennessee. The trial court found (1) Mr. Hearing was validly wanted by Tennessee officials, (2) the necessary documents for Hearing's return to Tennessee had been presented to the court by Tennessee and Texas prosecutors, and (3) Mr. Hearing should be extradited to Tennessee. On appeal to this Court, Hearing challenges the trial court's finding of probable cause to have him arrested, the finding that the State's documentation supported the extradition, and the finding that there was sufficient evidence of Hearing's identity as the person being sought under the Tennessee murder warrants. We affirm.

**Standard of Review**

Texas has adopted the Uniform Criminal Extradition Act (hereinafter the Act). Tex.Code Crim. Proc. Ann. art. 51.13 (Vernon Supp.2004); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 540 (Tex. Crim.App.1991) (orig. proceeding). The Act governs the procedure for extraditing fugitives found in Texas. In relevant part, the Act states:

> No demand for the extradition of a person charged with a crime in another State shall be recognized by the Governor unless in writing, alleging ... that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of

a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.

TEX.CODE CRIM. PROC. ANN. art. 51.13, § 3.

■ In conducting an extradition hearing, the asylum state may do no more than determine whether the requisites of the Act have been satisfied. *California v. Superior Court of Cal.*, 482 U.S. 400, 409–10, 107 S.Ct. 2433, 96 L.Ed.2d 332 (1987). During an extradition hearing, the person contesting extradition may neither raise defenses to the underlying charge nor contest whether he or she is guilty. *Holmes*, 819 S.W.2d at 543. Instead, the Act leaves open only four issues for consideration before the fugitive should be delivered to the demanding state: (1) whether the extradition documents are, on their face, in order; (2) whether the accused has been charged with a crime in the demanding state; (3) whether the person in custody is the same person the demanding state now requests be extradited; and (4) whether the accused is a fugitive. *Id.* at 542–43; *see also Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

**Analysis**

■ In his first point of error, Hearing contends "if the documents supporting the governor's warrant are insufficient to establish that a judicial determination of probable cause was made in the demanding state, the accused may inquire into the issue of probable cause at the habeas corpus hearing." It appears, however, that the United States Supreme Court has already determined that petitioners such as Mr. Hearing may not, during an extradition proceeding, challenge the determination that probable cause exists to issue a warrant when that determination has previously been made by a magistrate of the demanding jurisdiction.

■ "Interstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2 of the [United States] Constitution." *Id.* at 288, 99 S.Ct. 530. "The [Extradition] Clause never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial." *Id.* Thus, "[a] governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met." *Id.* at 289, 99 S.Ct. 530; *see also Hanks v. State*, 113 S.W.3d 523, 525 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (governor's warrant establishes prima facie case for extradition). Once the governor's warrant issues, the court of the asylum state is not free to redetermine the issue of probable cause for the issuance of a warrant in the demanding jurisdiction. *Doran*, 439 U.S. at 290, 99 S.Ct. 530.

In Tennessee, magistrates are authorized to issue an arrest warrant only after they first determine probable cause exists to believe the accused committed the alleged offense. TENN.CODE ANN. § 40–6–205 (2003). Tennessee law further pro-

vides that judges of the General Sessions Courts are "magistrates." TENN.CODE ANN. § 40-5-102(4) (2003). The record now before us shows the judge of the General Sessions Court of Hancock County, Tennessee, issued an arrest warrant based on the sworn affidavit of James Whitson. Accordingly, the judge of the General Sessions Court of Hancock County had already determined that "from the written examination that there [wa]s probable cause to believe the [murder] complained of ha[d] been committed and that there [wa]s probable cause to believe the defendant ha[d] committed it. . . ." *See* TENN.CODE ANN. § 40-6-205.

■ Acting on information provided by Tennessee officials, the Governor of Texas issued a warrant for Hearing's extradition. "[O]nce the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Doran*, 439 U.S. at 290, 99 S.Ct. 530. We therefore overrule Hearing's first point of error.

■ In his second point of error, Hearing contends the trial court erred in finding that (a) the extradition documents were in order and properly authenticated, and (b) the affidavit in support of the arrest warrant was sufficient. As a requirement to presenting an issue for appellate review, the record must show the complaint was made to the trial court and the trial court either ruled on the request or refused to rule on the request despite the complaining party's objection to the failure to rule. TEX.R.APP. P. 33.1. In the case now before us, Hearing did not object to the documents' authenticity during the trial court hearing. In fact, when the State offered the documents now at issue for admission before the trial court, Hearing's counsel stated, "For the purposes of this hearing, Judge, I have no objections to the documents being entered for the purpose of the hearing." Thus, Mr. Hearing has failed to preserve for our review the issue of whether the documents admitted into evidence were properly authenticated. We also find Hearing's challenge to the sufficiency of the affidavit to be misplaced: such a challenge is tantamount to contesting the Tennessee magistrate's determination of probable cause, a challenge which the United States Supreme Court has expressly stated has no place in an extradition proceeding where the governor of the asylum state has issued a warrant based on the demanding state's judicial determination that probable cause existed for that warrant's issuance. *See Doran*, 439 U.S. at 290, 99 S.Ct. 530. We overrule Hearing's second point of error.

■ In his third point of error, Hearing contends the trial court erred by finding there was sufficient evidence to establish Hearing's identity as the person sought by Tennessee officials for the murder charges. "To raise the issue of identity, the accused must deny under oath that he is the person named in the warrant." *Hanks*, 113 S.W.3d at 525 (referencing *Ex parte Connelly*, 479 S.W.2d 943, 944 (Tex. Crim.App.1972)). Mr. Hearing did not testify at the extradition proceedings and presented no evidence (such as his own sworn affidavit or the testimony of another) on the issue of identity. Thus, Hearing did not deny under oath he was the person being sought by Tennessee officials, and he failed to raise an issue as to identity. *Cf. id.* Because Mr. Hearing failed to raise the issue of identity, the burden never shifted to the demanding state to show he was identical to the person being sought by the demanding state.

For the reasons stated, we find the trial court properly denied Hearing's applica-

tion for writ of habeas corpus. We affirm the trial court's judgment.