Opinion issued November 23, 2005








     






In The
Court of Appeals
For The
First District of Texas




NOS. 01–05–00109–CR




BRANDON L. JENKINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 183rd District Court 
Harris County, Texas
Trial Court Cause No. 1002979





MEMORANDUM OPINION 

          This is an appeal from the denial of an application for writ of habeas corpus. 
In two related issues, appellant, Brandon L. Jenkins, contends that the State failed to
show that he was the person sought by the demanding state of Colorado.
          At the hearing on appellant’s application for writ of habeas corpus, the State
introduced a copy of the Colorado governor’s warrant, to which appellant made no
objection. A governor’s warrant that is regular on its face establishes a prima facie
case for extradition. Ex parte Scarbrough, 604 S.W.2d 170, 174 (Tex. Crim. App.
1980); Hanks v. State, 113 S.W.3d 523, 525 (Tex. App.—Houston [1st Dist.] 2003,
no pet.). The State has no further burden of proof regarding the identity of the
accused once the governor’s warrant is introduced, unless the issue is raised by the
accused. Scarbrough, 604 S.W.2d at 174; Hanks, 113 S.W.3d at 525. In other words,
the introduction of the warrant shifts the burden to the accused to show that he is not
the person charged in the demanding state. See Ex parte Connelly, 479 S.W.2d 943,
944 (Tex. Crim. App. 1972). An accused’s sworn statement, either in the form of an
affidavit or live testimony, denying that he is the person sought by the demanding
state, is sufficient to meet this burden. See Ex parte Meador, 597 S.W.2d 372, 373
(Tex. Crim. App. 1980); Ex parte Nelson, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979). 
Once the identity issue is raised, the burden shifts back to the demanding state “to
show that the person taken into custody and held for extradition is the identical
person named in the warrant.” Meador, 597 S.W.2d at 373; accord Hanks, 113
S.W.3d at 525.
          Here, the only assertion made by appellant in his sworn application for writ of
habeas corpus was that “[d]efendant is not a fugitive.” At the hearing on his
application, appellant did not challenge that he was the person named in the request
for extradition. On appeal, appellant contends that his assertion in his application that
he was not a fugitive was sufficient to place his identity at issue. We disagree. 
          In Michigan v. Doran, the United States Supreme Court held that only four
issues may be raised by application for writ of habeas corpus: (1) whether the
extradition documents on their face are in order; (2) whether the petitioner has been
charged with a crime in the demanding state; (3) whether the petitioner is the same
person named in the request for extradition; and (4) whether the petitioner is a
fugitive. Michigan v. Doran, 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978). 
Appellant’s challenge to his fugitive status was aimed at the fourth Doran issue, i.e.,
whether he is a fugitive. Appellant did not assert that he was not the fugitive named
in the extradition papers. That is, appellant did not claim that he was not the Brandon
L. Jenkins named in the governor’s warrant. 
          We conclude that appellant’s allegation in his application that he is not a
fugitive was not sufficient to place his identity in issue. Cf. Scarbrough, 604 S.W.2d
at 174–75 (concluding that assertion in application for writ of habeas corpus that, if
fugitive sought committed acts in Mississippi, then accused was not person named
in governor’s warrant, was assertion of innocence of crime charged and was
insufficient to raise issue of identity); Hanks, 113 S.W.3d at 525 (holding that
assertion that accused “was not in Jackson, Michigan at the time that the crime, if any,
was committed” is not sufficient to raise issue of identity). Because appellant never
raised an issue as to whether he was the person named in the governor’s warrant, the
burden never shifted to the State to show that he was the person sought.


 See Hanks,
113 S.W.3d at 525. 
 

          We overrule both of appellant’s issues. Accordingly, we affirm the judgment
of the trial court. 
 



                                                   Laura Carter Higley
                                                   Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).