*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★  ★  ★  ★  ★  ★

**MEMORANDUM OPINION**

No. 04-08-00733-CR

**EX PARTE PEDRO SIFUENTES**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2007-W-0310
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:   April 29, 2009

AFFIRMED

This is an appeal from the trial court's order denying a writ of habeas corpus filed in response to a governor's warrant, issued by the Governor of Texas pursuant to article 51.13 of the Texas Code of Criminal Procedure, for the extradition of Pedro Sifuentes to the State of Louisiana.  Sifuentes contends the prima facie case supporting his extradition to the demanding State of Louisiana was defeated by defects present in the requisition's supporting papers.  We affirm the trial court's order.

### BACKGROUND

Sifuentes was alleged to have committed the offense of Unlawful Use of a Movable in the State of Louisiana.  A governor's warrant was issued by the governor of Texas, ordering Sifuentes taken into custody and extradited to Louisiana.  The magistrate court found the governor's warrant

and supporting documentation met the requirements of the Uniform Criminal Extradition Act and that extradition was proper. Sifuentes filed an application for writ of habeas corpus challenging the extradition. After hearing evidence, the magistrate denied Sifuentes's application. This appeal followed.

## UNIFORM CRIMINAL EXTRADITION ACT REQUIREMENTS

Interstate extradition is intended to be a summary and mandatory executive proceeding derived from the United States Constitution. *Ex parte Lekavich*, 145 S.W.3d 699, 700-01 (Tex. App.—Fort Worth 2004, no pet.); *Ex parte Hearing*, 125 S.W.3d 778, 781 (Tex. App.—Texarkana 2004, no pet.). In conducting an extradition hearing, the asylum state, in this case Texas, may do no more than determine whether the requisites of the Uniform Criminal Extradition Act have been satisfied. *Ex parte Hearing*, 125 S.W.3d at 781. A governor's warrant that is regular on its face is prima facie evidence that the requirements for extradition have been satisfied. *Ex parte Lekavich*, 145 S.W.3d at 701; *Wright v. State*, 717 S.W.2d 485, 486 (Tex. App.—San Antonio 1986, no pet.). Once this prima facie case has been made, the scope of inquiry at a habeas corpus proceeding is limited to the following questions: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Ex parte Hearing*, 125 S.W.3d at 781; *Wright*, 717 S.W.2d at 487.

In his only issue, Sifuentes contends the prima facie case supporting his extradition to the demanding State of Louisiana was defeated by defects present in the requisition's supporting papers. However, Sifuentes failed to challenge the sufficiency of the supporting documentation at the trial court. Accordingly, his complaint was not preserved for appellate review. *See* TEX. R. APP. P.

33.1(a)(1) ("As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.").

Even if Sifuentes had preserved his issue for our review, his complaint would be without merit.   We review a trial court's ruling for a writ of habeas corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  Appellant bears the burden to prove his entitlement to the relief he seeks by a preponderance of the evidence. *Id.*  We review the evidence presented in the light most favorable to the trial court's ruling. *Id.*

The governor's warrant, which is regular on its face and was introduced into evidence at the hearing, is prima facie evidence that all constitutional and statutory requirements for extradition have been met. *Ex parte Scarbrough*, 604 S.W.2d 170, 174 (Tex. Crim. App.1980).  A demand for extradition must comply with the Uniform Criminal Extradition Act.  TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3 (Vernon 2006).  Section 3 of the Uniform Criminal Extradition Act states in relevant part:

> No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. . . . [T]he copy of indictment, information, affidavit, judgment of

conviction or sentence must be authenticated by the Executive Authority making the demand . . . .

*Id.* Here, the governor's warrant was accompanied by the prosecuting attorney's supporting affidavit and the Louisiana bill of information, and the information and affidavit were authenticated by the Governor. Consequently the governor's warrant complies with the Uniform Criminal Extradition Act. *See id.*

Sifuentes's only complaint is that the *prima facie* case supporting his extradition to the demanding State of Louisiana was defeated by defects present in the requisition's supporting papers, because the affidavit included as part of the supporting documentation failed to link the individual named in the information to the identification accompanying the affidavit. Once a *prima facie* case has been made for extradition, the burden shifts to the accused to overcome the facts that the governor was obliged to determine before the extradition warrant was issued. *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979); *Ex parte Bunch*, 519 S.W.2d 653, 654 (Tex. Crim. App. 1975). An accused can show he is not the person charged in the demanding state by challenging the identity of the person named in the warrant. *Ex parte Scarbrough*, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980). Once identity is placed in issue, the burden shifts back to the demanding state to show that the person being held for extradition is the identical person named in the warrant. *Ex parte Martinez*, 530 S.W.2d 578, 579 (Tex. Crim. App. 1975).

Sifuentes failed to challenge the identity of the person named in the warrant while before the magistrate court, and therefore the burden does not shift to the State to prove he is the identical person named in the warrant. To raise the issue of identity, an accused must deny under oath that he is the person named in the warrant. *Ex parte Hearing*, 125 S.W.3d at 382. Sifuentes testified before the trial court, and never denied he was the person named in the governor's warrant. In

addition, he never filed a verified affidavit stating he was not the person named in the governor's warrant. Sifuentes failed to raise the issue of identity; therefore the magistrate court did not abuse its discretion in denying habeas relief. Sifuentes's issue is overruled.

## CONCLUSION

Sifuentes failed to establish the trial court abused its discretion in its denial of his petition for habeas corpus. Consequently, the trial court's order is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH