

NUMBER 13-08-00586-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### EX PARTE: DAVID GARCIA

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

This is an appeal from a trial court's order denying a writ of habeas corpus filed in response to a governor's warrant, which was issued by the governor under article 51.13 of the code of criminal procedure, for the extradition of David Garcia to the State of Ohio. *See* TEX. CODE CRIM. PROC. ANN. art 51.13 (Vernon 2006). In two issues, Garcia contends that the trial court erred by finding that: (1) the extradition warrant was "regular on its face"; and (2) the State provided "sufficient" evidence to prove identity. We affirm.

## I. Background

On February 8, 2008, Governor Rick Perry signed an extradition warrant stating that Garcia was accused of "complicity (trafficking in drugs) and one count of engaging in a pattern of corrupt activity" in Ohio and that Ohio demanded Garcia's return. Upon his apprehension in Hidalgo County, Texas, Garcia filed an application for writ of habeas corpus, asserting that the warrant was not regular on its face and denying that he was the person identified in the warrant. A hearing was held on Garcia's application, following the hearing, the trial court denied it. This appeal ensued.

## II. Discussion

Interstate extradition is intended to be a summary and mandatory executive proceeding derived from the United States Constitution. *Ex parte Lekavich*, 145 S.W.3d 699, 700-01 (Tex. App.–Fort Worth 2004, no pet.); *Ex parte Hearing*, 125 S.W.3d 778, 781 (Tex. App.–Texarkana 2004, no pet.). In conducting an extradition hearing, the asylum state, in this case Texas, may do no more than determine whether the requisites of the Uniform Criminal Extradition Act have been satisfied. *Ex parte Hearing*, 125 S.W.3d at 781. A governor's warrant that is regular on its face is prima facie evidence that the requirements for extradition have been satisfied. *Ex parte Lekavich*, 145 S.W.3d at 701; *Wright v. State*, 717 S.W.2d 485, 486 (Tex. App.–San Antonio 1986, no pet.). Once this prima facie case has been made, the scope of inquiry at a habeas corpus proceeding is limited to the following questions: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Ex parte Hearing*, 125 S.W.3d at 781; *Wright*, 717

S.W.2d at 487.

We review a trial court's ruling on a writ of habeas corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). As the appellant, Garcia bears the burden to prove, by a preponderance of the evidence, his entitlement to the relief he seeks. *Id*. We review the evidence presented in the light most favorable to the trial court's ruling. *Id*.

**A. The Use of an Alias**

Garcia's first issue centers on the return of the executive warrant, which states that "David Mejia Garcia" was arrested. Garcia argues, without any citation to relevant authority, that the middle name on the return of the warrant renders the warrant fatally defective and void because it is not the middle name used in the warrant. The State argues that the trial court did not err because C. Mask, a United States Marshall, testified at the hearing on Garcia's petition that Garcia used various aliases, including: David Serapio Garcia, David Garcia, David Mejia Garcia, and Ismael Rodriguez; and that the notation of one of Garcia's aliases on the return of the warrant does not render the warrant fatally defective or void. The State further argues that Garcia's alias argument has been rejected by the Beaumont Court of Appeals. We agree.

In *Jordan v. State*, Jordan challenged extradition by a petition for writ of habeas corpus on the ground that she was not the person sought in the warrant. 669 S.W.2d 766, 767 (Tex. App.–Beaumont 1984, no pet.). Jordan argued to the trial court that she was known as "Betty Jean Ezell" and that the governor's warrant requested "Betty Jean Jordan a/k/a Betty Jean Arnold." *Id*. The trial court concluded that Jordan was the individual sought for extradition and denied Jordan's petition. *Id*. The court of appeals overruled

3

Jordan's misidentification issue by holding that the trial court was the ultimate trier of fact and authorized to believe that Jordan and the person named in the governor's warrant were one and the same. *Id*. (citing *Ex parte Jackson*, 575 S.W.2d 570, 571 (Tex. Crim. App. 1979)).

In this case, Garcia contends that he is not the individual sought in the governor's warrant as evidenced by the name stated on the return of the warrant. But under *Jordan*, the trial court was authorized to believe the State when it asserted that Garcia and the person named in the governor's warrant were one and the same. Additionally, the trial court heard testimony from Marshall Mask that Garcia sometimes used the middle name Mejia. Accordingly, Garcia's first issue is overruled.

## B.    Misidentification

In his second issue, Garcia argues that the State failed to establish that he was the individual sought in the governor's warrant. The record contains a packet that the governor's office sent to local law enforcement officials. Included in the packet is the letterhead of the "Multi-Area Narcotics Task Force," an Ohio law enforcement agency, with the following printed on it: (1) the name David S. Garcia; (2) a Weslaco, Texas address; (3) a description of Garcia's height, weight, and the color of his hair and eyes; (4) a date of birth; (5) a social security number; and (6) a picture that is identical to the picture on Garcia's driver's license. Before the trial court admitted the packet, Garcia's counsel objected to its admission on the ground that the packet was not properly authenticated.

On appeal, Garcia assails the sufficiency of the evidence supporting the trial court's finding that he is the individual sought in the warrant. Upon a review of the entire record, we conclude that there is sufficient evidence to support the trial court's decision. Garcia's

4

second issue is overruled.

## III. Conclusion

We affirm the trial court's denial of Garcia's petition for a writ of habeas corpus.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish. TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 24th day of August, 2009.