Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00269-CR

**EX PARTE** Elizabeth **PROVOST**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2011W0023
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  October 26, 2011

AFFIRMED

This is an appeal of the trial court's order denying an application for writ of habeas corpus challenging a governor's warrant in relation to an extradition. Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can do no more than decide: (1) whether the extradition documents are in order on their face; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the extradition request; and (4) whether the petitioner is a fugitive. *Ex parte Lekavich*, 145 S.W.3d 699, 700 (Tex. App.—Fort Worth 2004, no pet.); *Hanks v. State*, 113 S.W.3d 523, 525 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In the argument section of appellant's brief, appellant challenges the trial court's order on the following grounds: (1) the

extradition documents were not in order on their face because they contained many inconsistencies within the supporting documents regarding applicable dates; (2) no evidence supported a finding that appellant is the person named in the extradition request; (3) no evidence supported a finding that appellant was in the demanding jurisdiction when the offense was committed; and (4) no evidence supported a finding that appellant is a fugitive.  At the hearing before the trial court, however, the only arguments made were: (1) although some of the offenses with which the appellant was charged were felonies, some of the offenses were misdemeanors; and (2) the governor's warrant contained no allegations "to support a Court finding that there is probable cause that the offense alleged occurred."

In order to preserve an issue for appellate review, the record must show the complaint was made to the trial court, and the trial court made a ruling.  TEX. R. APP. P. 33.1; *Ex parte Hearing*, 125 S.W.3d 778, 782 (Tex. App.—Texarkana 2004, no pet.); *see also Ex parte Sifuentes*, No. 04-08-00733-CR, 2009 WL 1153326, at *1 (Tex. App.—San Antonio Apr. 29, 2009, no pet.) (not designated for publication).  An objection stating one legal theory may not be used to support a different legal theory on appeal.  *Babb v. State*, 868 S.W.2d 3, 5 (Tex. App.—El Paso 1993, no pet.).  Because the complaints raised on appeal differ from the complaints actually presented to the trial court for consideration, the complaints have not been preserved for our consideration.[1]

---

[1] With regard to the probable cause argument that was raised before the trial court, we note the record included the grand jury's indictment from the demanding state and a bench warrant based on the indictment.  *See Ex parte Gust*, 828 S.W.2d 575, 576 (Tex. App.—Houston [1st Dist.] 1992, no pet.) ("If the indictment from the demanding state is properly in the record, it is presumed that the grand jury in the demanding state found probable cause when it returned the indictment."); *see also Ex parte Manzella*, 452 S.W.2d 913, 914 (Tex. Crim. App. 1970) (warrant need not state probable cause where warrant is based on an indictment which raises presumption that grand jury found probable cause).  "Once the governor's warrant issues, the court of the asylum state is not free to redetermine the issue of probable cause for the issuance of a warrant in the demanding jurisdiction."  *See Ex parte Hearing*, 125 S.W.3d at 781 (citing *Michigan v. Doran*, 439 U.S. 282, 290 (1978)).  We further note that a person charged with a felony or other crime, including a misdemeanor, can be extradited.  TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (West 2006); *Ex parte Leach*, 478 S.W.2d 471, 472 (Tex. Crim. App. 1972).

The trial court's order is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH