

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00123-CR

**EX PARTE ERIC LUNA**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2014-W-0464
Honorable Andrew Carruthers, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  September 16, 2015

AFFIRMED

Eric Luna appeals the trial court's order denying his request for habeas corpus relief from a governor's warrant issued by the Governor of Texas for his extradition to the Commonwealth of Massachusetts. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13 (West Supp. 2014). Luna argues the prima facie case supporting his extradition to the demanding state of Massachusetts was defeated by defects in the requisition's supporting papers. We affirm the trial court's order.

### BACKGROUND

The Commonwealth of Massachusetts filed a criminal complaint against Luna for two counts of "Larceny Over $250 By Single Scheme." Upon demand from the Governor of Massachusetts, the Governor of Texas issued a governor's warrant ordering that Luna be taken into custody and extradited to Massachusetts. The magistrate court found that the governor's

warrant and supporting documents met the requirements of the Uniform Criminal Extradition Act, and that extradition was proper. *See id.* at § 3. Luna thereafter filed an application for writ of habeas corpus challenging the extradition. After an evidentiary hearing, the magistrate judge denied Luna's request for habeas corpus relief. Luna now appeals.

## ANALYSIS

In two issues, Luna contends that the supporting paperwork for the requisition contained defects that defeated the prima facie case supporting his extradition. However, Luna raised no objection challenging the sufficiency of the supporting documents at the trial court hearing and has thus failed to preserve the issues for review. TEX. R. APP. P. 33.1(a)(1); *see Ex parte Hearing*, 125 S.W.3d 778, 782 (Tex. App.—Texarkana 2004, no pet.); *see also Ex parte Sifuentes*, No. 04-08-00733-CR, 2009 WL 1153326, at *1 (Tex. App.—San Antonio Apr. 29, 2009, no pet.) (mem. op., not designated for publication). Luna's only objections during the hearing were to the lack of a foundation to admit the photograph of Luna and the copy of the Massachusetts criminal complaint; both objections were overruled and the exhibits were admitted. A trial objection stating one legal theory does not preserve the right to raise a different legal theory on appeal. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (point of error on appeal must comport with the objection made at trial); *Ex parte Provost*, No. 04-11-00269-CR, 2011 WL 5070745, at *1 (Tex. App.—San Antonio Oct. 26, 2011, no pet.) (mem. op., not designated for publication).

Even if Luna had preserved his issues for our review, his argument based on purported defects in the supporting documentation would fail. We review a trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The applicant bears the burden of proof to establish his right to the relief sought by a preponderance of the evidence. *Id.* In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Id.*

Interstate extradition is intended to be a summary and mandatory executive proceeding derived from the United States Constitution. *Ex parte Hearing*, 125 S.W.3d at 781; *Ex parte Lekavich*, 145 S.W.3d 699, 700-01 (Tex. App.—Fort Worth 2004, no pet.). In conducting an extradition hearing, the role of the asylum state, in this case Texas, is limited to determining whether the requirements of the Uniform Criminal Extradition Act have been satisfied. *Ex parte Hearing*, 125 S.W.3d at 781; *see* TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3. A governor's warrant that is regular on its face constitutes prima facie evidence that the requirements for extradition have been satisfied. *Ex parte Lekavich*, 145 S.W.3d at 701; *Ex parte Smith*, 36 S.W.3d 927, 928 (Tex. App.—San Antonio 2001, no pet.). After a prima facie case has been established, the burden shifts to the accused to rebut the prima facie case. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980). The asylum court's scope of inquiry at a habeas corpus proceeding challenging the extradition is limited to the following questions: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289 (1978); *Ex parte Lopez*, 988 S.W.2d 788, 789 (Tex. App.—San Antonio 1999, no pet.).

At the hearing, the State of Texas submitted the demand for extradition by the Governor of Massachusetts (State's Exhibit 1), a photograph of Luna (State's Exhibit 2), and a copy of the criminal complaint and warrant in Massachusetts (State's Exhibit 3). In addition, the trial court stated on the record that it had taken judicial notice of the Texas Governor's warrant and the supporting documents which were in the court's file. *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977); *see also Ex parte Kahn*, No. 04-07-00805-CR, 2008 WL 2037418, at *1 (Tex. App.—San Antonio May 14, 2008, no pet.) (mem. op., not designated for publication). The governor's warrant is regular on its face and therefore constitutes prima facie evidence that all

constitutional and statutory requirements for extradition have been met. *Ex parte Smith*, 36 S.W.3d at 928; *Ex parte Scarbrough*, 604 S.W.2d 170, 173 (Tex. Crim. App. [Panel Op.] 1980).

Luna argues that two defects in the supporting documentation rebutted the prima facie case in support of extradition: (1) a statement that Luna stands "indicted" for larceny in an affidavit made by Massachusetts Trooper Anthony Lopilato, when the record contains no indictment; and (2) a statement that he was "in" the State of Texas on the date of commission of the larceny offense. Neither argument has merit. The record contains an authenticated copy of the criminal complaint, supporting affidavit, and warrant filed against Luna alleging that he committed the offense of "Larceny Over $250 by Single Scheme" while in Massachusetts and is now a fugitive in Texas. Thus, the supporting documents reflect that Luna was charged by complaint with committing the crime of larceny in accordance with Massachusetts law; an indictment is not necessary. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3 (requiring that the Governor's demand for extradition be accompanied by an authenticated copy of "an indictment found or . . . information supported by affidavit in the State having jurisdiction of the crime, or . . . an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon"); *see also Ex parte Mason*, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983) (noting the statutory requirements for the charging instruments listed in article 51.13, section 3, are disjunctive, and holding a sworn complaint was a sufficient charging instrument under the law of the demanding state). Further, the reference to an indictment occurred in the form language of the affidavit, and the word "indictment" was marked out and replaced with the word "complaint" in a subsequent affidavit by Trooper Lopilato. Finally, Luna's claim that the supporting documents include a statement that he was located in the State of Texas at the time he allegedly committed larceny is a misreading of the documents. The supporting documents clearly state that Luna was present in Haverhill, Essex County, Massachusetts on the date of the alleged larceny, that he thereafter fled from Massachusetts, and that he is a resident of

San Antonio, Texas and is currently located in Bexar County, Texas. Therefore, Luna's argument that the requirements of section 6 of article 51.13 apply, and were not met, is without merit. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13 § 6 (providing for extradition where a person is charged in the demanding state with commission of an act in Texas, or in a third state, which intentionally resulted in a crime in the demanding state).

Based on the foregoing, we affirm the trial court's order denying Luna's request for habeas corpus relief.

Rebeca C. Martinez, Justice

DO NOT PUBLISH